**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERTA WILLIAMS,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **MATTHEW STOFFLET, WEST** | **NO.  15-1642** |
| **POTTSGROVE TOWNSHIP, GARY** | |
| **QUINONES and GIANT FOOD STORES,** | |
| **INC.,** | |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Roberta Williams brought this action after she was charged with stealing a cell phone she says she did not take and then, nine months later the charges were dropped.  Each of the Defendants, she says, played a role in the situation.  Gary Quinones is the person who owned the cell phone Williams allegedly stole**.**  Giant Food Stores, LLC ("Giant") is the owner of the grocery store in which the theft allegedly took place and the employer of a person who testified at Ms. William's preliminary hearing that she had stolen the cell phone**.**  Matthew Stofflet is a police officer in the West Pottsgrove Township Police Department.  He swore to an Affidavit of Probable Cause that led to charges being filed against Ms. Williams and he testified against her at the preliminary hearing.  Plaintiff has sued Stofflet as well as his employer, West Pottsgrove Township (the "Township Defendants"), Giant and Quinones, asserting claims against them under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, for false arrest, malicious prosecution, and wrongful search and seizure.  She also brought claims against the each of the Defendants for common-law false arrest and malicious prosecution.  She has sued West Pottsgrove Township pursuant to *Monell v. City of N.Y. Dept. of*

*Social Servs.*, 436 U.S. 658 (1978). In addition, Plaintiff has sued Giant and Quinones for a common-law claim titled "Negligence/Negligent Supervision."

Currently before the Court are separate motions to dismiss filed by the Township Defendants, Giant and Quinones. The Township Defendants have moved to dismiss the Section 1983 claims and the *Monell* claim. Giant has moved to dismiss the Section 1983 claims, the common-law false arrest claim, the malicious prosecution claims and the negligence/negligent supervision claim. Quinones has moved to dismiss the Section 1983 claims and the common-law malicious prosecution claim. For the reasons discussed below, the Defendants' motions will be granted as to the Section 1983 and *Monell* claims. Having dismissed the federal claims on which this Court's jurisdiction was premised, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims, and will remand the case to the Court of Common Pleas of Montgomery County, from which it originally was removed.

## I.    BACKGROUND

The facts as set forth in the Second Amended Complaint are as follows: On December 18, 2012, after Williams had shopped at a Giant Food Store ("Giant"), Officer Stofflet came to her home and asked her whether she had stolen a cell phone while she was at Giant. Second Am. Compl. ¶¶ 9 & 10.[1] When she denied it, Stofflet told her that there was video of her stealing the phone. *Id.* ¶ 11. When Williams demanded to see the video Stofflet told her she could view it at the West Pottsgrove police station on the coming Friday. *Id.* She went to the police station on that day but Stofflet did not let her see the video. *Id.* ¶ 12. He also declined to interview her because, he said, two officers were required for an interview. *Id.*

---

[1]    Although Williams' complaint is titled Second Amended Complaint, it actually is the only amended complaint that she has filed in this action.

The following week, Stofflet filed an incident report stating that he had viewed video evidence of Plaintiff stealing a cell phone at Giant.  *Id.* ¶ 13.  He repeated his statement in an Affidavit of Probable Cause prepared shortly thereafter.  *Id.* ¶ 14.  Plaintiff alleges that, when Stofflet filed the affidavit, he knew from reviewing the video that Williams was innocent.  *Id.*  In the alternative, she alleges that Stofflet failed to review the videotape and, therefore, lacked probable cause to believe that Williams stole the cell phone.  *Id.*

About one month later, Williams received a letter requiring her to come to the police station for finger printing on threat of arrest.  *Id.* ¶ 15.  Plaintiff was charged with two misdemeanors – Theft by Unlawful Taking and Receiving Stolen Property.  *Id.* ¶ 16.  At her preliminary hearing Stofflet, Quinones, and a Giant employee all testified – falsely in her view – that there was video evidence of Williams taking the cell phone.  *Id.* ¶ 17.  Williams was not permitted to view the video at the hearing.  *Id.*  Eventually, the charges against Williams were dismissed.  *Id.* ¶ 20.

## II.    Analysis

### A.    *Motion to Dismiss Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "In light of *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct].'"  *Id.* (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  "In other words, 'there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation.'"  *Id.* (quoting *Phillips*, 515 F.3d at 234-35).  That showing cannot be made through

conclusions, but requires well-pled factual allegations. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B.  *Substitution of Giant Food Stores, LLC for Giant Food Stores, Inc.*

Williams seeks leave to amend her Second Amended Complaint to substitute as a defendant Giant Food Stores, LLC ("LLC") instead of Giant Food Stores, Inc. ("Inc.") and asks that the amendment relate back for statute of limitations purposes to the filing of her initial complaint.  LLC objects that Williams has been on notice that she had sued the wrong defendant because it raised that issue in its first motion to dismiss, but she failed to remedy the error in her Second Amended Complaint.[2]  LLC argues that the statute of limitations on Williams' claim has passed and that she should not be allowed to make the substitution.

Federal Rule of Civil Procedure 15(b) requires the opposing party's consent or leave of court to amend a complaint after responsive pleading has been filed.  The rule states that such leave "should freely be given when justice so requires."  Rule 15(c)(1) permits an amended complaint to relate back to the date of the original pleading if: 1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading"; and 2) where "the amendment changes the party or the naming of the party against who the claim is asserted," if, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits" and it "knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity."

---

[2]   Inc. is named and was served as a defendant in this action.  It has not entered an appearance or participated in the case in any way.  LLC, which represents that it is the owner of the Giant Food Store at issue, is not named and has not been served, but it has appeared and filed pleadings as though it were a party to this action.

In the present case, LLC has participated from the filing of the initial complaint, filing two motions to dismiss, which raised the fact that it, rather than Inc., should be the defendant.  LLC also participated in the Preliminary Pretrial Conference as though it were a party.  And, it filed its present motion to dismiss the case as if it were the named party.  LLC, therefore, cannot seriously contend that it did not know that it would have been the defendant but for Williams' mistake or that it will be prejudiced in defending this action.  Accordingly, Williams' request to substitute LLC for Inc. will be granted with that amendment relating back to the filing of the original complaint in this action pursuant to Federal Rule of Civil Procedure 15(c).  However, because LLC has filed its motion to dismiss and the motion is fully briefed, in the interests of judicial economy the Court will not require Williams to file and serve an additional amended complaint and LLC to refile its motion.  Instead, the Court will deem the Second Amended Complaint amended to substitute LLC for Inc. as defendant and will proceed to decide LLC's pending motion on its merits.  *See United States v. 18.67 Acres of Land*, 793 F. Supp. 582, 584 (M.D. Pa. 1992) (complaint deemed amended in interest of judicial economy); *Gimpel v. Host Enters., Inc.*, 640 F. Supp. 2d 972, 974 (E.D. Pa. 1986) (complaint deemed amended to add affirmative defenses); *see also* Fed. R. Civ. P. 1 (federal rules to be "construed and administered to secure the just, speedy and inexpensive determination of every action").

**C.  *Section 1983 Malicious Prosecution Claim***

In order to maintain a malicious prosecution claim under the Fourth Amendment, Williams must show: (1) the defendant initiated a criminal proceeding; (2) that proceeding ended in her favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant

5

acted maliciously or for a purpose other than bringing her to justice; and (5) she suffered

deprivation of liberty consistent with the concept of seizure as a consequence of a legal

proceeding.  *Penberth v. Krajnak*, 347 F. App'x 827, 829 (3d Cir. 2009).  The Defendants do not

challenge Plaintiff's pleading with respect to the first two of these elements—clearly a criminal

proceeding was initiated and those proceedings ended in Williams' favor.  However, Defendants

do contend that Plaintiff's pleadings do not adequately alleged that no probable cause existed,

that they acted maliciously or that she was deprived of her liberty.

### 1.   *Probable Cause*

Giant and the Township Defendants contend that the Section 1983 claim against them for

malicious prosecution fails because Officer Stofflet had probable cause for prosecuting Williams.

Giant Mot. at 8-9; Township Defendants' Mot. at 9-11.  They point to the allegation that Stofflet,

a Giant employee and Quinones all testified at William's preliminary hearing that there was

video evidence showing Williams stealing the cell phone.  Second Am. Compl. ¶¶ 14, 17.  While

such evidence might prove conclusive on a summary judgment motion, it is ineffective for the

purposes of the present motion to dismiss.  For the present motion, the Court must accept all of

the Second Amended Complaint's factual allegations and construe that complaint in the light

most favorable to the plaintiff.  *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir.

2011).[3]  Williams has alleged that the Defendants each knew she was innocent because they had

watched the video that showed her innocence.  Second Am. Compl. ¶¶ 14, 17-18.  Taking that

---

[3]     Giant's attempt to rely on the contents of Stofflet's Affidavit of Probable Cause to show that Stofflet had
probable cause to prosecute Williams, Giant Reply at 3-4, also is unavailing in the context of a motion to
dismiss.  Williams has alleged that the Defendants knew from observing the video evidence that she had not
stolen the cell phone, Second Am. Compl. ¶¶ 14, 18, and the Court must accept that allegation for the purposes
of this motion.  *Warren Gen. Hosp.*, 643 F.3d at 84.

allegation as true for the purposes of these motions, the Defendants lacked probable cause to prosecute Williams.

### 2.    *Malice*

The Defendants contend that Williams has failed to allege facts sufficient to plead that they acted with malice.  Giant Mot. at 11; Township Defendants' Mot. at 12-13; Quinones Mot. at 2.  They rely on the alleged video evidence of the theft as the basis for their allegations that William's stole the cell phone.[4]  Williams has alleged, however, that they falsely testified that they had observed video of Williams stealing the cell phone, knowing that she had not done so.  Second Am. Compl. ¶¶ 17-18.  That allegation, taken as true, establishes that Defendants knew she had not taken the cell phone.  Malice may be established based upon a "lack of belief by the actor himself in the propriety of the prosecution."  *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988).  Moreover, "[m]alice may be 'inferred from the absence of probable cause.'"  *Clifton v. Borough of Eddystone*, 824 F. Supp. 617, 634 (E.D. Pa.  2011) (quoting *Bristow v. Clevenger*, 80 F. Supp. 2d 421, 435 (M.D. Pa. 2000)).  By alleging that Defendants knew of her actual innocence from reviewing the video, Williams has adequately alleged malice for purposes of a motion to dismiss.

### 3.  Deprivation of Liberty

With respect to the fifth element – that she suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding – Williams' allegations are insufficient to state a cause of action.  In *Gallo v. City of Philadelphia,* 161 F.3d 217, 224 (3d Cir. 2005), the court found that a seizure had occurred where the plaintiff had been arrested,

---

[4]    Giant contends that it was Quinones who called the police and that its only involvement was to cooperate with the investigation.  Giant Mot. at 11.  The Second Amended Complaint, however, alleges that a Giant employee falsely testified that he saw video evidence of Williams stealing the cell phone.  Second Am. Compl. ¶¶ 17-18.

posted a $10,000 bond, was prohibited from travelling outside Pennsylvania and New Jersey,

was required to report weekly to pretrial services, and was required to attend court hearings and

trial.  In finding that a seizure had occurred, the court noted that the issue was a "close question."

*Id.*at 222.  In contrast, in *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005),

the court held that a plaintiff who had only been issued a summons, was never arrested, did not

post bail, was free to travel, and did not have to report to pretrial services had not been seized for

Section 1983 purposes.  Similarly, in *Penberth v. Krajnak*, 347 F. App'x 827, 829 (3d Cir. 2009),

the court held that a plaintiff who was detained for thirty-five to forty minutes, but did not have

to post bail or communicate with pretrial services and was not restricted from travel had not

suffered a seizure.

     Here, Williams does not allege that Stofflet arrested or seized her when he came to her

home.  When she went to the police station to view the videotape, the officer did not detain her;

indeed he declined even to interview her.  Second Am. Compl. ¶ 12.  Although she was required

under threat of arrest to report to the police station for fingerprinting, she does not allege that she

was detained there or that she spent any more time there than was required for the fingerprinting.

She does not allege that she was required to post bail or report to pretrial services, nor did she

suffer any limitation of her freedom to travel.  Williams merely alleges that the legal notice

requiring her to come to the police station for fingerprinting and the summons to attend a

preliminary hearing on the charges against her amount to a seizure.  Opp. at 9.  To the contrary,

those events simply are insufficient to constitute a seizure for Section 1983 purposes.  *DiBella*,

407 F.3d at 603; *Penberth*, 347 F. App'x at 829; *see also Schultz v. Hughesville Borough*, No.

10-262, 2011WL 3273076, at *8 (M.D. Pa. July 29, 2011) (fingerprinting and processing was not

a seizure despite delay of fifteen to thirty minutes); *Bristow*, 80 F. Supp. 2d at 429-30 (being

fingerprinted and photographed and appearing judicial proceedings was not a seizure).  Because
Williams has failed to plead an essential element of her malicious prosecution claim, it will be
dismissed.

**D.  *Section 1983 False Arrest Claim***

Williams claims she was arrested because she was required to go to the police station for
fingerprinting on threat of arrest.  Opp. at 10.  That is not so.  "An arrest by common definition
involves taking a person into custody."  *Curran v. Dial*, 512 F. Supp. 699, 703 (E.D. Pa. 1981);
*accord Schultz*, 2011 WL 3273076 at *8.  Being required to appear for fingerprinting and a
hearing does not even amount to a seizure, let alone an arrest.  *Id.  Bristow*, 80 F. Supp. 2d at
429-30; *see also DiBella*, 407 F.3d at 603 (being summoned to a hearing is not a seizure);
*Penberth*, 347 F. App'x at 829 (same).  Accordingly, her Section 1983 claim based on false
arrest will be dismissed.

**E.  *Fourteenth Amendment***

Williams asserts in her Malicious Prosecution/False Arrest claim (Count I) and in her
Wrongful Search and Seizure claim (Count II) that Defendants violated the Fourteenth
Amendment.  She argues that she may bring a Fourteenth Amendment substantive due process
claim if the Court rejects those claims under a Fourth Amendment analysis.  Opp. at 13.  The
Supreme Court has considered and rejected claims that a person's right to be free of prosecution
without probable cause gives rise to a claim under the Fourteenth Amendment for a substantive
due process violation.  *Albright v. Oliver*, 510 U.S. 266, 273 (1994).  A Fourteenth Amendment
analysis does not apply to every claim of unlawful government action.  The Court has been
reluctant to expand the concept of substantive due process to cover violations of other
constitutional provisions, because "the guideposts for responsible decisionmaking in this

uncharted area are scarce and open ended." *Albright v. Oliver*, 510 U.S. 266, 271-72 (1994).

Instead, it has looked to the specific guarantees of the various provisions of the Bill of Rights . . .

." *Id*. Thus, when "a particular Amendment 'provides an explicit textual source of constitutional

protection' against a particular sort of government behavior, 'that Amendment, not the more

generalized notion of substantive due process, must be the guide for analyzing these claims.'"

*Albright*, 510 U.S. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 390 (1989)).  "[W]here the

core of a plaintiff's claim arises from allegations of unlawful arrest, imprisonment, or

prosecution, courts are directed to analyze those claims through the prism of the Fourth and not

the Fourteenth Amendment."  *Meketa v. Kamoie*, 955 F. Supp. 2d 354, 365 (M.D. Pa. 2013);

*accord Lawson v. City of Coatesville*, 42 F. Supp. 3d 664, 675-76 (E.D. Pa. 2014).[5]

Accordingly, to the extent Williams seeks to assert a Fourteenth Amendment claim based on

false arrest or malicious prosecution, those claims will be dismissed.

**F.  *Wrongful Search and Seizure***

Williams titles Count II of her Second Amended Complaint "Wrongful Search and

Seizure."  Nowhere, either in that Count or elsewhere in the Second Amended Complaint, does

Williams allege a factual basis for such a claim.  As set out in Section II(C)(3), *supra*, the fact

that Williams was required to submit to fingerprinting and to appear for a judicial hearing do not

amount to a seizure, and nowhere in the Second Amended Complaint does she allege that she

was ever searched.  Count II of the Second Amended Complaint will be dismissed.

---

[5]   Williams contends that the Third Circuit held in *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 403 (3d Cir. 2000), that a plaintiff can assert a substantive due process claim based on allegations that the government deliberately and arbitrarily abused its power.  Opp. at 13.  *Boyanowski*, however, limited its ruling to plaintiffs who possess "a particular quality of property interest."  *Id*.  It did not purport to alter the well-established Supreme Court precedent rejecting Fourteenth Amendment claims arising out of conduct addressed by the Fourth Amendment.

**G.  *Municipal Liability Claim***

Williams asserts a claim against West Pottsgrove Township under *Monell v. City of N.Y.*

*Dept. of Social Servs.*, 436 U.S. 658 (1978).  Williams pleads her claim as follows:

> Prior to the events described herein, Defendant, West Pottsgrove Township,
> developed and maintained policies, practices, procedures and customs exhibiting
> deliberate indifference to the Constitutional rights of persons within the
> geographic and jurisdictional limits of West Pottsgrove Township, which caused
> violations of plaintiff's constitutional and other rights.  Specifically, Defendants
> falsely accuse, prosecute [sic] citizens without probable nor any cause, and do so
> without review of exculpatory evidence.  Defendants also do not train police
> officers to corroborate allegations with known, readily available video evidence.
>
> The above described acts or omissions by Defendant . . . were the cause of the
> violation of Plaintiff's rights as set forth herein.

Second Am. Compl. ¶¶ 39-40

Williams' claim suffers from a number of deficiencies.  First, stating a claim under

*Monell* requires that a municipal policy or custom has caused a constitutional violation.  *Monell*,

436 U.S. 691; *Groman v Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995).  As

discussed in Sections II(C)-(F), *supra*, Williams has failed to adequately allege any constitutional

violation on which to base a *Monell* claim.  Second, Williams fails to allege that any individual

municipal policymaker or decision maker had knowledge of the alleged constitutionally violative

policy or custom.  *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see also*

*Santiago v. Warminster Township*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (noting a plaintiff's

"obligation to plead in some fashion that [a natural person] had final policymaking authority, as

that is a key element of a *Monell* claim").  Finally, Williams has failed to allege any facts

showing that Stofflet's alleged misconduct was part of a pattern of similar constitutional

violations caused by West Pottsgrove Township's failure to train officers and reflecting

deliberate indifference on the Township's part to the violations.  "A pattern of similar

constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate

deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (citation omitted). Williams has alleged that West Pottsgrove Township engaged in a pattern of such activity, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Apart from a single alleged incident, Williams has not pleaded any other facts reflecting alleged constitutional violations. *See Wood v. Williams*, 568 F. App'x 100, 105-06 (3d Cir. 2014) (upholding dismissal of failure to train claim when complaint included only one incident of potentially unconstitutional conduct") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)). These deficiencies are fatal to Williams' *Monell* claim, and it will be dismissed.

### H.  *Section 1983 Claims Against Giant and Quinones*

In addition to the reasons stated in Sections II(C)-(F), *supra*, the Section 1983 claims also fail against Giant and Quinones because Williams has not alleged that either is a state actor. To be actionable under Section 1983, the alleged violation of a federal right must be "fairly attributable to the state," and the party committing the violation must be a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Merely calling the police and assisting them in investigating a crime does not constitute acting under the color of law for purposes of Section 1983. *Cruz v. Donnelly*, 727 F.3d 79, 80 (3d Cir. 1984). A private party may be held liable for acting "under the color of state law for the purposes of § 1983" only if he "willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right." *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998); *see also Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). *Id.* No Section 1983 liability arises unless there is some pre-arranged plan or conspiracy between the private party and the state official. *Cruz*, 727 F.3d at 80. In an attempt to meet that standard, Williams asserts that Giant and Quinones "clothed themselves with the color of state

authority through the use of Defendant West Pottsgrove Police Department.  Giant Quinones and

West Pottsgrove Police Department arrested and/or coordinated by mutual agreement Plaintiff's

arrest without probable nor any cause."  Second Am. Compl. ¶ 23.  However, this type of mere

"[f]ormulaic recitation of the elements of a cause of action" is insufficient to meet that

requirement.  *Twombly*, 550 U.S. at 545.  Williams' Second Amended Complaint contains no

factual allegations that even suggest the existence of any pre-arranged plan between Giant,

Quinones and Stofflet to violate her rights.

### I.   *Dismissal with Prejudice*

Williams asks that, if the Court finds her claims deficient, she be allowed an additional

opportunity to replead them.  But she has already had one opportunity to remedy the deficiencies

in her complaint after being informed of them by the previous round of motions to dismiss.

Having been put on notice as to the deficiencies in her complaint, and having chosen not, or been

unable, to resolve them, denial of her request for leave to amend is appropriate.  *Rolo v. City

Investing Co. Liquidating Trust,* 155 F.3d 644, 654 (3d Cir. 1998)

A claim also is subject to dismissal with prejudice when granting leave to amend would

be futile.  *In re NAHC Sec. Litig.*, 360 F.3d 1314, 1332 (3d Cir. 2002); *In re Burlington Coat

Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  "'Futility' means that the complaint, as

amended, would fail to state a claim upon which relief could be granted."  *In re Burlington*, 360

F.3d at 1434.  As discussed above, each of Williams' Section 1983 claims fail because she does

not allege that she was seized or arrested.  It is apparent that she would not be able to do so in

another amended complaint.  Defendants Stofflet and West Pottsgrove Township specifically set

out in their prior the absence of any allegation of an arrest or seizure in her pleadings and the

applicable law making such an allegation an essential element of her claims.  Yet, Williams

continues to point solely to the requirements that she appear for fingerprinting and attend a preliminary hearing, which are an inadequate basis for her claims.  Thus, Williams has demonstrated that the facts of her case do not support a valid Section 1983 claim.

Similarly, with respect to her *Monell* claim, the Township Defendants' previous motion to dismiss the First Amended Complaint pointed out that Williams had failed to allege a factual basis for the elements of a *Monell* claim.  In her Second Amended Complaint, Williams added conclusory allegations that West Pottsgrove Township had committed the elements of a *Monell* claim, but she failed to state any facts to support those allegations.  At this juncture there is little reason to think that Williams is able to plead the required factual basis for a *Monell* claim. Williams' claims under the Fourteenth Amendment are legally deficient and cannot be made valid through any amendment.  For these reasons, providing Williams yet another opportunity to replead her complaint would be futile.  Accordingly, Williams' Section 1983 claims (Counts I and II), her municipal liability claim (Count III), as well as her claims under the Fourteenth Amendment (Counts I and II), will be dismissed with prejudice.

**J.**     ***The State Claims***

"Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'"  *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  "This decision is committed to the sound discretion of the district court." *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 444 (3d Cir. 1997).  Here, all of Williams' federal claims have been dismissed with prejudice at this early stage of the litigation.

As a result, only state-law claims remain, and those would be best decided by the Pennsylvania courts. *See United Mine Workers*, 383 U.S. at 727. The Court will exercise its discretion not to address those claims but to remand the case back to the Court of Common Pleas of Montgomery County, from which it originally was removed.

An appropriate Order follows.

Date: July 9, 2015

BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____

WENDY BEETLESTONE, J.